IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| SEAN LASHAY COLEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 320-019 |
| | ) | |
| TAMMETHA B. WIGGINS; SID ANDREWS; | ) | |
| MEDICAL SERVICES; OCONEE DRUG | ) | |
| TASK FORCE; NURSE GORE; VIRGINIA | ) | |
| LAMPKIN, Nurse; OFFICER WILLIAMS; | ) | |
| S. CADY; OFFICER HARTWELL; and | ) | |
| FNU DUSKIN, | ) | |
| | ) | |
| Defendants. | ) | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Plaintiff, a pretrial detainee at Laurens County Jail in Dublin, Georgia, is proceeding *pro se* and *in forma pauperis* ("IFP") in this case filed pursuant to 42 U.S.C. § 1983 regarding events alleged to have occurred in Eastman, Georgia. Because he is proceeding IFP, Plaintiff's amended complaint must be screened to protect potential defendants. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984); Al-Amin v. Donald, 165 F. App'x 733, 736 (11th Cir. 2006).

I.  SCREENING OF THE AMENDED COMPLAINT

   A.  BACKGROUND

Plaintiff names as Defendants: (1) Tammetha B. Wiggins; (2) Sid Andrews; (3) Virginia Lampkin; (4) Nurse Gore; (5) Officer Williams; (6) S. Cady; (7) FNU Duskin; (8) Officer

Hartwell. (Doc. no. 12, pp. 2-3, 12.) Taking all of Plaintiff's allegations as true, as the Court must for purposes of the present screening, the facts are as follows.

On February 21, 2020, Plaintiff was at a laundromat in Eastman, Georgia when approached by Defendant Officer Hartwell and a cadre of officers. (Id. at 13.) Officer Hartwell questioned Plaintiff about his probation status and requested Plaintiff consent to a search of his person. (Id.) Plaintiff denied the request because a federal probation officer was not present. (Id.) Officer Hartwell proceeded to pat down Plaintiff and his friend, Brittany Black. (Id.) When Plaintiff asked for an explanation, Officer Hartwell responded he did not know the reason for the visit and was only following orders by Defendant Officer Williams, leader of the Oconee Drug Task Force. (Id.)

After ten minutes, more Oconee Drug Task Force Agents arrived and waited outside the laundromat. (Id.) Plaintiff against asked Officer Hartwell what was going on, and Officer Hartwell denied any knowledge. (Id.) Officer Williams approached Plaintiff's passenger side car door and began searching the car. (Id.) After approximately eight minutes, officers seized Plaintiff's car and searched around it. (Id. at 14.) Officers searched all of Plaintiff's belongings inside the laundromat as well, including his clothes being washed and dried. (Id.) Officer Hartwell told Plaintiff he was being arrested for possessing less than an ounce of marijuana and would be taken to the Dodge County Law Enforcement Center. (Id.) Plaintiff was placed in the back of a patrol car and handcuffed. (Id.) At the same time, officers with the Oconee Drug Task Force were also applying for a warrant to search an address Plaintiff frequented. (Id.)

Once officers booked Plaintiff at Dodge County Law Enforcement Center, Plaintiff requested a copy of his arrest warrant but an unknown officer refused, stating Plaintiff's lawyer

could receive one. (Id.) On February 24, 2020, Plaintiff emailed Defendant Sid Andrews he had not received copies of any citation or arrest warrant and requested copies. (Id.) Defendant Andrews stated he would not give out copies and that his lawyer could get them. (Id.) Plaintiff argued he was entitled to them whether he had an attorney or not, but Defendant Andrews still refused. (Id.)

Plaintiff called his federal supervised release officer, Tony Graham, to inform him about the arrest. (Id.) Mr. Graham told Plaintiff the United States Marshalls would not take him into federal custody until he was released on bond or his state case was closed. (Id.) Plaintiff called Dodge County Magistrate Judge Tammetha B. Wiggins and asked why his bond was denied. (Id.) Judge Wiggins responded by explaining Plaintiff was on probation. (Id. at 15.) Plaintiff argued it was only a misdemeanor citation and he was entitled to bond. (Id.) He also explained why the U.S. Marshals Service would not take him into custody. (Id.)

Plaintiff emailed Defendant Andrews, again requesting a copy of his charges and bond status. (Id.) Defendant Andrews responded, explaining he was charged with possessing less than an ounce of marijuana and no bond had been set. (Id.) Plaintiff explained he should have a bond by now, to which Defendant Andrews stated, "you will have a bond soon enough because I would rather have a person of your nature in federal custody, as opposed to the State of Georgia." (Id.)

While at Dodge County Law Enforcement Center, Plaintiff visited Nurse Gore, informing her he was being treated by a chiropractor and orthopedic doctor for a back injury, which occurred during a car accident prior to his arrest. (Id.) Nurse Gore responded she would inform her superiors and attempt to get the medical records. (Id.) In the meantime, she

3

administered ibuprofen to Plaintiff.  (Id.)  Two days later, Plaintiff saw Nurse Virginia Lampkin during pill call.  (Id.)  Plaintiff also informed her of his prior car accident, and she told Plaintiff she would attempt to call his doctors to obtain medical records.  (Id.)  For an unknown number of days thereafter, Plaintiff asked Nurses Gore and Lampkin whether they received information from his doctors, and they explained their efforts to contact the chiropractor's office were unsuccessful because no one at the office would answer the phone.  (Id.)  Plaintiff complained to Defendant Andrews, who told him to file a grievance, which Plaintiff did.  (Id.)  For relief, Plaintiff requests injunctive relief in the form of an investigation into the law enforcement practices of Dodge County officers and the Oconee Drug Task Force.  (Id. at 15-16.)  He also requests $25,000 in damages.  (Id.)

### B. DISCUSSION

#### 1. Legal Standard for Screening

The complaint or any portion thereof may be dismissed if it is frivolous, malicious, or fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune to such relief.  See 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b).  A claim is frivolous if it "lacks an arguable basis either in law or in fact."  Neitzke v. Williams, 490 U.S. 319, 327 (1989).  "Failure to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard as dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6)." Wilkerson v. H & S, Inc., 366 F. App'x 49, 51 (11th Cir. 2010) (citing Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997)).

To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations in the complaint must "state a claim for relief that is plausible on its face."  Bell

Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. While Rule 8(a) of the Federal Rules of Civil Procedure does not require detailed factual allegations, "it demands more than an unadorned, the defendant unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678. A complaint is insufficient if it "offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" or if it "tenders 'naked assertions' devoid of 'further factual enhancement.'" Id. (quoting Twombly, 550 U.S. at 555, 557). In short, the complaint must provide a "'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'" Twombly, 550 U.S. at 557 (quoting Fed. R. Civ. P. 8(a)(2)).

Finally, the court affords a liberal construction to a *pro se* litigant's pleadings, holding them to a more lenient standard than those drafted by an attorney. Haines v. Kerner, 404 U.S. 519, 520 (1972); Erickson v. Pardus, 551 U.S. 89, 94 (2007). However, this liberal construction does not mean that the court has a duty to re-write the complaint. Snow v. DirecTV, Inc., 450 F.3d 1314, 1320 (11th Cir. 2006).

### 2. Plaintiff No Longer Brings Any Claims Against Medical Services and Oconee Drug Task Force

As the Court previously explained, (doc. no. 5, p. 5), Plaintiff's amended complaint supersedes and replaces in its entirety the previous complaint filed by Plaintiff. See Hoefling v. City of Miami, 811 F.3d 1271, 1277 (11th Cir. 2016). Plaintiff's original complaint named four

Defendants, including Medical Services and Oconee Drug Task Force, but his amended complaint removed Medical Services and Oconee Drug Task Force and replaced those entities with individuals. (Cf. doc. no. 1; with doc. no. 12.) Plaintiff now lists Medical Services and Oconee Drug Task Force as group identifiers for Defendants Nurse Gore, Virginia Lampkin, Officer Williams, S. Cady, Agent Duskin, and Officer Hartwell. (Doc. no. 12, p. 12.) Plaintiff does not make any allegations against Medical Services and Oconee Drug Task Force as groups. See West v. Atkins, 487 U.S. 42, 48 (1988) (requiring in § 1983 case allegation of violation of right secured by Constitution or laws of United States by person acting under color of state law); Douglas v. Yates, 535 F.3d 1316, 1321-22 (11th Cir. 2008) ("While we do not require technical niceties in pleading, we must demand that the complaint state with some minimal particularity how overt acts of the defendant caused a legal wrong."). Accordingly, Medical Services and Oconee Drug Task Force should be dismissed. The Court still considers any claims against the individual Defendants.

### 3. Plaintiff Fails to State a Claim for Deliberate Indifference to a Serious Medical Need

Plaintiff alleges Nurses Gore and Lampkin failed to adequately obtain medical records from a chiropractor concerning treatment of his back injuries from a car accident unrelated to his detainment. (Doc. no. 12, p. 15.) To state a claim for deliberate indifference to a serious medical need, Plaintiff must allege: (1) he had a serious medical need – the objective component, (2) a defendant acted with deliberate indifference to that need – the subjective component, and (3) his injury was caused by a defendant's wrongful conduct.

6

Goebert v. Lee County, 510 F.3d 1312, 1326 (11th Cir. 2007); see also Thomas v. Bryant, 614 F.3d 1288, 1317 n.29 (11th Cir. 2010).

To satisfy the objective component, a prisoner must allege that his medical need "has been diagnosed by a physician as mandating treatment or . . . is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." Goebert, 510 F.3d at 1326 (quoting Hill v. Dekalb Reg'l Youth Det. Ctr., 40 F.3d 1176, 1187 (11th Cir.1994)). To satisfy the subjective component, Plaintiff must allege that a defendant (1) was subjectively aware of a serious risk of harm and (2) disregarded that risk (3) by following a course of action which constituted more than mere negligence. Melton v. Abston, 841 F.3d 1207, 1223 (11th Cir. 2016).

Furthermore, "not every claim by a prisoner that he has not received adequate medical treatment states a violation of the Eighth Amendment." Farrow v. West, 320 F.3d 1235, 1243 (11th Cir. 2003).[1] The Eighth Amendment does not mandate that the medical care provided to the prisoner "be perfect, the best obtainable, or even very good." Harris v. Thigpen, 941 F.2d 1495, 1510 (11th Cir. 1991) (quoting Brown v. Beck, 481 F. Supp. 723, 726 (S.D. Ga. 1980) (Bowen, J.)). As the Supreme Court has explained:

> [A]n inadvertent failure to provide medical care cannot be said to constitute "an unnecessary and wanton infliction of pain" or to be "repugnant to the conscience of mankind." Thus, a complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the

---

[1] The Fourteenth Amendment Due Process Clause, rather than the prohibition on cruel and unusual punishment found in the Eighth Amendment, governs pretrial detainee claims; however, the nomenclature need not delay the Court because the standards are the same. Goebert, 510 F.3d at 1326.

7

>       victim is a prisoner.  In order to state a cognizable claim, a prisoner must
>       allege acts or omissions sufficiently harmful to evidence deliberate
>       indifference to serious medical needs.

Estelle v. Gamble, 429 U.S. 97, 105-06 (1976).  Thus, mere allegations of negligence or malpractice do not amount to deliberate indifference.  Campbell v. Sikes, 169 F.3d 1353, 1363-72 (11th Cir. 1999) (explaining that medical malpractice cannot form the basis for Eighth Amendment liability); Harris, 941 F.2d at 1505.  Moreover, the Eleventh Circuit has consistently held that a mere difference of opinion between an inmate and prison medical officials over a diagnosis or course of treatment does not support a claim of deliberate indifference.  Smith v. Fla. Dep't of Corr., 375 F. App'x 905, 910 (11th Cir. 2010).  Furthermore, the Court should not second-guess medical judgments.  Wallace v. Sheriff, 518 F. App'x 621, 622-23 (11th Cir. 2013); Smith, 375 F. App'x at 910 ("[W]hether governmental actors should have employed additional diagnostic techniques or forms of treatment is a classic example of a matter for medical judgment and therefore not an appropriate basis for grounding liability under the Eighth Amendment.").

       Plaintiff fails to state a claim for deliberate difference to a serious medical need.  Plaintiff alleges he suffered injuries as a result of a car accident some time before the events of his amended complaint and was receiving treatment from a chiropractor and orthopedic doctor before being detained.  Plaintiff never describes these injuries or explains the type of treatment he deems necessary.  Furthermore, the allegations do not support a finding of deliberate indifference by Nurses Gore and Lampkin.  Plaintiff concedes they attempted on multiple occasions to contact the chiropractor but received no return phone call.  In addition, the nurses gave him ibuprofen for his unspecified condition, and Plaintiff does not explain

why this treatment was insufficient. Even though Plaintiff may disagree with the treatment he received, that disagreement does not state a claim. Therefore, Plaintiff fails to state a claim for deliberate indifference to a serious medical need.

### 4. With Respect to the Criminal Charges and Related Investigation, the Court Should Abstain under the Younger Doctrine

It is clear from complaint that the state criminal case concerning his alleged possession of marijuana is still pending. (Doc. no. 12, pp. 13-15.) Notably, Plaintiff is also accused of violating the terms of supervised imposed by this Court. (Id.); United States v. Coley, CR 307-002, doc. nos. 37, 39 (S.D. Ga. Feb. 10, 2019) (hereinafter "CR 307-002").[2] Specifically, in CR 307-002, Plaintiff is accused of multiple violations of his supervised release, including possessing a misdemeanor amount of marijuana on February 21, 2020 in Eastman, Georgia as described in Plaintiff's amended complaint. CR 307-002, doc. no. 39. On April 7, 2020, the undersigned found there was sufficient cause for a final hearing on the government's petition for violations of conditions of supervised release. Id., doc. no. 51. The final hearing on Plaintiff's supervised release is scheduled for July 28, 2020. Id., doc. no. 55.

The charging decision is one that belongs to state authorities, and the question of whether a federal court should abstain from interfering with a state judicial proceeding under the principle of Younger v. Harris, 401 U.S. 37 (1971), must be considered in three parts: "first, do [the proceedings] constitute an ongoing state judicial proceeding; second, do the proceedings implicate important state interests; and third, is there an adequate opportunity in

---

[2]A court may take judicial notice of its own records. United States v. Rey, 811 F.2d

the state proceedings to raise constitutional challenges." 31 Foster Children v. Bush, 329 F.3d 1255, 1274 (11th Cir. 2003).  Furthermore, while Younger involved a federal suit seeking equitable relief in the form of an injunction of the ongoing state proceedings, Younger abstention extends to cases involving § 1983 claims for damages.  See Boyd v. Georgia, 512 F. App'x 915, 917-18 (11th Cir. 2013) (affirming dismissal without prejudice, pursuant to Younger abstention, of § 1983 complaint seeking monetary damages).

Here, all three factors weigh in favor of abstention.  First, Plaintiff alleges he is in state custody pending state criminal charges.  (Doc. no. 12, pp. 13-15.)  Second, the state proceeding implicates an important state interest in criminally prosecuting a state criminal offense.  Absent "extraordinary circumstances," federal courts should not intervene in state criminal prosecutions.  Younger, 401 U.S. at 45.  Third, Plaintiff has not established the state proceeding would fail to provide an adequate remedy for his federal claim.  See 31 Foster Children, 329 F.3d at 1279.  Plaintiff does not allege any attempt to bring his Fourth Amendment claims in any state proceeding.  Thus, Plaintiff has not satisfied his burden of showing the state proceeding cannot provide an adequate remedy for his claims.

For these reasons, the Court should abstain from ruling under the Younger doctrine, and this case should be dismissed without prejudice.  See Jackson v. Georgia, 273 F. App'x 812, 813-14 (11th Cir. 2008) (affirming *sua sponte* dismissal due to Younger abstention); Smith v. Mercer, 266 F. App'x 906, 908 (11th Cir. 2008) (noting that "[a] dismissal pursuant to the Younger doctrine is without prejudice, and does not preclude later re-filing of the complaint").

---

1453, 1457 n.5 (11th Cir. 1987).

## II.   CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** Plaintiff's amended complaint be **DISMISSED** without prejudice and this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 20th day of July, 2020, at Augusta, Georgia.

*/s/ Brian K. Epps*
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA